UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID THOMPSON, | ) | CASE NO. 4:06 CV 2060 |
| | ) | |
| Petitioner, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| T. R. SNIEZEK, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

On August 28, 2006, pro se petitioner David Thompson, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is seeking six months placement in a Community Corrections Center (C.C.C.). Mr. Thompson, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), alleges that the BOP policy of limiting a prisoner's placement in a C.C.C. to six months or ten (10%) percent of a prisoner's sentence, whichever is less, was rendered unconstitutional by 18 U.S.C. §§ 3621(b) and 3624(c). He claims that although he is eligible for placement in a C.C.C. on January 16, 2007, the BOP has only offered him two and half months of placement in a C.C.C.

*Background*

Mr. Thompson states that he was sentenced to 30 months in prison on March 28, 2005 for violating 21 U.S.C. § 846 and 841(A)(1). Based on the term of imprisonment and the application of good credit time, he expects his scheduled release date to be July 16, 2007.

As the term of his imprisonment neared completion, the BOP offered Mr. Thompson two months and seventeen days placement in a C.C.C. He complaints, however, that this length of placement in a C.C.C. is too short, and that he is entitled to six months placement in a C.C.C. based on the BOP policy in effect before December 2002.

In support of his assertions, Mr. Thompson claims that prior to December 2002 it was BOP policy to allow "inmates to serve any or all of their terms of imprisonment in a community-based facility." (Pet. at 2.) After that date, the Department of Justice's legal counsel issued a Memorandum interpreting 18 U.S.C. § 3621(b) to limit a prisoner's placement in a C.C.C. to the last ten percent of his sentence, not to exceed six months. The BOP adopted this policy as the "10 percent rule." He claims that this 10 percent rule is arbitrary, undermines the court's authority and is "negatively affecting scores of federal inmates." (Pet.at 6.)

*Analysis*

The statute over which petitioner is challenging the new BOP policy, states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement

18 U.S.C. § 3624(c). He argues this statute only places a limitation on the BOP's obligation to assure that each prisoner spend the latter portion of his or her sentence in a pre-release environment. Petitioner does not believe that this precludes the BOP from exercising its discretion by placing him in a C.C.C. at an earlier stage in his sentence than they have currently provided. Citing Goldings v.

2

-
-

-

Winn, 383 F.3d 17 (1st Cir. 2004) and Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004), Mr. Thompson maintains further that two courts of appeal have invalidated the BOP's policy change.

*28 U.S.C. § 2241*

Before filing a habeas corpus petition under 28 U.S.C. § 2241 federal prisoners are required to exhaust administrative remedies. Little v. Hopkins, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam). Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. §§ 542.10-16 (2006) (and not pursuant to PLRA provision § 1997e(a)) may the prisoner then seek § 2241 judicial review. United States v. Oglesby, 52 Fed. Appx. 712, 714, 2002 WL 31770320, at *1 (6th Cir. Dec. 9, 2002) (citing United States v. Wilson, 503 U.S. 329, 335 (1992); McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir.1993)). The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, is a wholly judicially created requirement. See Wesley v. Lamanna, 27 Fed. Appx. 438, 438-39, 2001 WL 1450759, at *1 (6th Cir.2001). Even in the Goldings and Elwood opinions cited by Mr. Thompson, both petitioners exhausted their administrative remedies before filing their claims in federal court. See Goldings, 383 F.3d at 20 (noting that "[a]fter exhausting administrative remedies, Goldings . . . filed this action pro se in the United States District Court for the District of Massachusetts"); Elwood, 386 F.3d at 843-44 (noting that "Elwood filed grievances asserting that he should be transferred to a CCC").

The administrative remedies a federal prisoners must pursue are set forth at 28 C.F.R. §§ 542.10-16 (2005).  Mr. Thompson does not indicate that he commenced the grievance process or that it is futile to do so.  Because he has failed to acknowledge or allege that he has done so, his petition is prematurely filed and must be dismissed without prejudice. Ginn v. Dewalt, No. Civ. A.

3

06-CV-242KSF, 2006 WL 2228969, at *2 (E.D. Ky. Aug. 3, 2006). Should petitioner seek expedited consideration of his administrative grievance, 28 C.F.R. § 542.18 provides a mechanism to obtain it.

Based on the foregoing, petitioner's claims are dismissed without prejudice for failing to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                           s/Ann Aldrich
                                           ANN ALDRICH
                                           UNITED STATES DISTRICT JUDGE

**Dated: November 28, 2006**